IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADT, INC.,<br><br>　　　　　Defendant. | Civil Action No. 6:23-cv-339<br><br>Judge Fred Biery |

**ADT INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO RBDS' COMPLAINT**

Defendant ADT Inc. ("ADT") hereby answers Rothschild Broadcast Distribution Systems, LLC's ("RBDS") Complaint (the "Complaint") in the Western District of Texas (the "District"). ADT answers and avers as follows, with the numbered paragraphs corresponding to the like-numbered paragraphs of the Complaint. Allegations not expressly admitted herein are denied.

**PARTIES**[1]

1. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 1, and therefore denies each of the allegations in paragraph 1 of the Complaint.

2. ADT admits it is organized under the laws of the State of Delaware. ADT admits its principal place of business and corporate headquarters is at 1501 Yamato Road, Boca Raton, Florida, USA 334314. ADT admits it may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201, USA.

---

[1] The headings in the Complaint are reproduced herein for the convenience of the reader. To the extent such headings include or infer allegations, they are denied.

1

## JURISDICTION AND VENUE

3. ADT admits that this is an action for alleged patent infringement arising under Title 35 of the United States Code.

4. ADT admits that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. ADT admits that it has a place of business in this District. For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT. ADT denies the remaining allegations in paragraph 5 of the Complaint.

6. ADT admits that it has a place of business in this District. For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT. ADT denies the remaining allegations in paragraph 6 of the Complaint.

7. ADT admits that it has a place of business in this District. For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT. ADT denies the remaining allegations in paragraph 7 of the Complaint.

8. ADT denies venue is proper in this District under 28 U.S.C. § § 1391(b) and 1400(b) as ADT is neither incorporated in Texas nor has its principal place of business in this District. ADT admits that it has a place of business in this District. For the purposes of this action only, ADT does not contest venue under 29 U.S.C. §§ 1391(b) and 1400(b) but denies that this is the most appropriate or convenient venue for this action. ADT denies the remaining allegations in paragraph 8 of the Complaint.

## PATENT-IN-SUIT

9. ADT lacks sufficient information regarding ownership of the patent and therefore denies that RBDS owns the U.S. Patent No. 8,856,221 (the "'221 patent" or the "Patent-in-Suit"). ADT denies the remaining allegations in paragraph 9 of the Complaint.

4879-4612-1326

10. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 10, and therefore denies each of the allegations in paragraph 10 of the Complaint.

11. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 11, and therefore denies each of the allegations in paragraph 11 of the Complaint.

12. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 12, and therefore denies each of the allegations in paragraph 12 of the Complaint.

13. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 13, and therefore denies each of the allegations in paragraph 13 of the Complaint.

14. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 14, and therefore denies each of the allegations in paragraph 14 of the Complaint.

15. ADT admits that Exhibit A to the Complaint, purported to be a copy of the '221 patent, includes 13 claims, including two independent claims and eleven dependent claims. ADT denies the remaining allegations in paragraph 15 of the Complaint.

16. ADT lacks sufficient factual basis to determine the priority date of the '221 patent, and therefore denies such allegations in paragraph 16 of the Complaint. ADT denies the remaining allegations in paragraph 16 of the Complaint.

17. ADT denies the allegations in paragraph 17 of the Complaint.

18. To the extent that paragraph 18 contains excerpts from the '221 patent, ADT neither admits nor denies those excerpts, and respectfully refers the Court to the '221 patent itself.

19. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 19, and therefore denies each of the allegations in paragraph 19 of the Complaint.

20. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 20, and therefore denies each of the allegations in paragraph 20 of the Complaint.

21. To the extent that paragraph 21 contains excerpts from the '221 patent, ADT neither admits nor denies those excerpts, and respectfully refers the Court to the '221 patent itself.

22. To the extent that paragraph 22 contains excerpts from the '221 patent, ADT neither admits nor denies those excerpts, and respectfully refers the Court to the '221 patent itself.

23. To the extent that paragraph 23 contains excerpts from the '221 patent, ADT neither admits nor denies those excerpts, and respectfully refers the Court to the '221 patent itself. Further, ADT lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in paragraph 23, and therefore denies each of the remaining allegations in paragraph 23 of the Complaint.

24. To the extent that paragraph 24 contains excerpts from the '221 patent, ADT neither admits nor denies those excerpts, and respectfully refers the Court to the '221 patent itself. Further, ADT lacks sufficient factual basis to determine the accuracy of the remaining

allegations set out in paragraph 24, and therefore denies each of the remaining allegations in paragraph 24 of the Complaint.

25. To the extent that paragraph 25 contains excerpts from the '221 patent, ADT neither admits nor denies those excerpts, and respectfully refers the Court to the '221 patent itself. Further, ADT lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in paragraph 25, and therefore denies each of the remaining allegations in paragraph 25 of the Complaint.

26. To the extent that paragraph 26 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 26 of the Complaint.

27. To the extent that paragraph 27 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 27 of the Complaint.

28. To the extent that paragraph 28 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 28 of the Complaint. Further, ADT lacks sufficient factual basis to determine the accuracy of the remaining allegations set out in paragraph 28, and therefore denies each of the remaining allegations in paragraph 28 of the Complaint.

29. ADT denies each of the allegations in paragraph 29 of the Complaint.

30. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 30, and therefore denies each of the allegations in paragraph 30 of the Complaint.

## ACCUSED INSTRUMENTALITIES

31. ADT admits that it has previously sold, advertised, or offered for sale home security systems referred to as "Blue by ADT." ADT denies the remaining allegations in paragraph 31 of the Complaint.

## COUNT ONE
## (Infringement of United States Patent No. 8,856,221)

32. ADT reincorporates the preceding paragraphs of this Answer from above.

33. ADT admits that this is an action for alleged patent infringement arising under Title 35 of the United States Code.

34. ADT denies the allegations in paragraph 34 of the Complaint.

35. ADT denies the allegations in paragraph 35 of the Complaint.

36. ADT denies the allegations in paragraph 36 of the Complaint.

37. ADT denies the allegations in paragraph 37 of the Complaint.

38. ADT denies the allegations in paragraph 38 of the Complaint.

39. This numbered paragraph does not warrant a response from ADT. To the extent the claim chart of Exhibit B contains allegations, ADT denies all allegations.

40. ADT denies the allegations in paragraph 40 of the Complaint.

41. ADT denies the allegations in paragraph 41 of the Complaint.

42. ADT denies each of the allegations in paragraph 42 of the Complaint.

4879-4612-1326

43. ADT admits that a purported copy of the '221 Patent, titled "System and Method for Storing Broadcast Content in a Cloud-based Computing Environment," is attached to the Complaint as Exhibit A.

44. ADT denies the allegations in paragraph 44 of the Complaint.

45. ADT denies the allegations in paragraph 45 of the Complaint.

46. ADT denies the allegations in paragraph 46 of the Complaint.

47. ADT lacks sufficient factual basis to determine the accuracy of the allegations set out in paragraph 47, and therefore denies each of the allegations in paragraph 47 of the Complaint.

48. ADT denies the allegations in paragraph 48 of the Complaint.

## DEMAND FOR JURY TRIAL

49. RBDS' demand for a trial by jury is a legal statement that ADT can neither admit nor deny.

## PRAYER FOR RELIEF

50. ADT denies that RBDS is entitled to any requested relief. To the extent not expressly addressed above, ADT denies the factual allegations in the Complaint.

## DEFENSES

### First Defense (Non-Infringement)

51. RBDS is not entitled to any relief against ADT because ADT has not infringed and is not infringing, either directly, indirectly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any valid, enforceable claim of each of the '221 patent.

### Second Defense (Invalidity)

52. One or more of the claims of the Patent-in-Suit are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Third Defense (Statute of Limitations)

53. RBDS' claims are barred, some in part and others in toto, by the statute of limitations, which prevents recovery for "any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286.

### Fourth Defense (Prosecution History Estoppel)

54. RBDS' claims are barred by the doctrine of prosecution history estoppel based on amendments, statements, admissions, omissions, representation disclaimers, and/or disavowals made during prosecution of the Patent-in-Suit.

### Fifth Defense (Waiver)

55. RBDS' claims are barred by equitable doctrine of waiver due to RBDS' knowledge of ADT's allegedly infringing actions, and its unjustified failure to pursue infringement claims diligently and timely from the time it became aware that it supposedly had claims against ADT.

### Sixth Defense (Failure to Mark)

56. RBDS' claim for damages is limited to the extent RBDS failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287.

### Seventh Defense (Failure to State a Claim)

57. RBDS' Complaint fails to state a claim for which relief can be granted, in particular a claim for infringement of the Patent-in-Suit, as required under Federal Rules of Procedure 12(b)(6).

### Eighth Defense (Exceptional Case)

58. ADT has engaged in all relevant activities in good faith, thereby precluding RBDS, even if it prevails, from proving that this is an exceptional case justifying a recovery of its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

### Ninth Defense (Equitable Defenses)

59. RBDS' claims are barred by the doctrine of unclean hands and/or other equitable defenses.

### OTHER DEFENSES

60. ADT reserves all defense under rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or equity, that may now exist or in the future be available based on discovery or other factual investigations in this case.

### JURY DEMAND

61. ADT requests a trial by jury on all issues triable by a jury.

### PRAYER FOR RELIEF

ADT requests that the Court:

A. Dismiss all counts of RBDS' Complaint for patent infringement with prejudice, and award RBDS nothing by way of its Complaint;

B. Enter a judgment finding that ADT has not infringed any claim of the Patent-in-Suit;

C. Enter a judgment that the Patent-in-Suit is invalid;

D. Declare this case to be exceptional under 35 U.S.C. § 285, and enter judgment awarding ADT its costs, reasonable attorneys' fees, and expert witness fees in this action; and,

E. Award ADT such further relief as the Court may deem just and proper.

4879-4612-1326

Dated:  July 7, 2023                           PILLSBURY WINTHROP SHAW PITTMAN LLP

                                                      */s/ Michael E. Zeliger*

Steven Tepera (TX Bar No. 24053510)
steven.tepera@pillsburylaw.com
401 Congress Avenue, Suite 1700
Austin, TX 78701-3797
Phone: 512.580.9600
Fax: 512.580.9601

Michael E. Zeliger (CA Bar No. 271118)
michael.zeliger@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304
Phone: 650.233.4097
Fax: 650.233.4069

Audrey Lo (CA Bar No. 253738)
audrey.lo@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304
Phone: 650.233.4097
Fax: 650.233.4085

*Counsel for Defendant, ADT Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 7, 2023, a copy of the foregoing document was served on all parties who have appeared in this case via the Court's CM/ECF system and as identified on the Notice of Electronic Filing (NEF).

Dated:  July 7, 2023					_/s/ Michael E. Zeliger_